IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINNET BROOKS, AARON BROOKS, MICHAEL LUCY, ELIZABETH YODER, and MEGAN ABPLANALP on behalf of their minor daughters A.B., R.L., and Q.H., <br><br> Plaintiffs, <br><br> v. <br><br> STATE COLLEGE AREA SCHOOL DISTRICT, <br><br> Defendant. | No. 4:22-CV-01335 <br><br> (Chief Judge Brann) |

**MEMORANDUM OPINION AND ORDER**

**DECEMBER 1, 2022**

## I.  BACKGROUND

The facts of this dispute involve female students eligible to participate in sports within the State College Area School District (the "District"), and the conduct of the District in managing its middle school club ice hockey team and corresponding parent-run booster club called the Ice Hockey Club ("IHC").[1] Plaintiffs have sought a declaratory judgment from the Court in order to resolve an alleged controversy regarding whether the District is responsible for complying with, and enforcing, Title IX within the context of its club sports programs.[2]

---

[1] *See* Doc. 6.
[2] *See* Docs. 5, 6.

In their opening brief, Plaintiffs argue that the District has "continued with [a] position that it had no Title IX responsibility" for club sports, including the ice hockey team managed by IHC, and that "[p]er [the District's] interpretation of its legal responsibilities, Title IX and constitutional compliance is either transferred completely to [IHC], or the rights vanish all together."[3] In its opposition brief, the District states that it is not attempting to evade its Title IX responsibility, asserting that "both [District] and club sport or intramural athletics are subsumed by Title IX."[4] The District further argues that while the parties disagree about "conclusions of fact and law as promulgated through the District's Title IX report," the District does not dispute that it is responsible for complying with, and enforcing, Title IX within club sports.[5]

In its reply brief, Plaintiffs acknowledge that the District "recognizes that club sports fall under [the District's] Title IX obligations," and states that "[the District] and Plaintiffs now appear to be in agreement that [the District] is ultimately responsible for its club sports and Title IX compliance."[6] The Motion has been fully briefed and is ripe for disposition.[7]

---

[3] Doc. 6 at pp. 8, 10.
[4] Doc. 14 at p. 6.
[5] *Id*.
[6] Doc. 16 at pp. 1, 5.
[7] Docs. 5, 6, 14, 16.

**II.    LAW**

The Declaratory Judgment Act provides that federal courts "may declare the rights and other legal relations of any interested party seeking such declaration" when presented with a "case of actual controversy."[8] The actual controversy must be "definite and concrete, touching the legal relations of parties having adverse legal interests,"[9] and, to be ripe for judicial intervention, the controversy must not be "nebulous or contingent," but have a "fixed and final shape" so the court can determine "what legal issues it is deciding, what effect [the court's] decision will have on the adversaries, and some useful purpose to be achieved in deciding them."[10] The jurisdiction conferred by the Act is "discretionary rather than compulsory."[11] The Court therefore has "broad discretion to decline to hear actions arising under the [Act]."[12] "[E]ven if a declaratory judgment would clarify the parties' legal rights, it

---

[8] 28 U.S.C. § 2201; *Red Bend Hunting & Fishing Club v. Range Resources – Appalachia, LLC*, No. 4:16-CV-00864, 2016 U.S. Dist. LEXIS 166431, at *16 (M.D. Pa. Dec. 2, 2016) (citing *Principal Life Ins. Co. v. Lawrence Rucker 2007 Ins. Trust*, 674 F. Supp. 2d 562, 565 (D. Del. 2009)).

[9] *Red Bend Hunting & Fishing*, 2016 U.S. Dist. LEXIS 166431, at *16 (citing *Wyatt, Virgin Islands, Inc. v. Gov't of the Virgin Islands*, 385 F.3d 801, 806 (3d Cir 2004)).

[10] *Id*. (citing *Team Angry Filmworks, Inc. v. Greer*, 171 F. Supp. 3d 437, 447 (W.D. Pa. 2016) (citing *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 244 (1952))).

[11] *King's Coll. v. Traveler's Ins. Co.*, No. 3:20-CV-01655, 2021 U.S. Dist. LEXIS at *5 (citing *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 134 (3d Cir. 2014) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942))).

[12] *Id*. (internal citations omitted).

should ordinarily not be granted unless the parties' plans of actions are likely to be affected by a declaratory judgment.[13]

## III. ANALYSIS

The Court shall use its broad discretion (as described above) to dispose of this motion in a cursory fashion because the parties' own briefing indicates that the alleged controversy set forth in Plaintiffs' Motion is no longer a contested issue for which resolution via declaratory judgment is necessary. Indeed, Plaintiffs' reply brief states that the parties are "now in agreement" that the District is responsible for Title IX compliance in club sports.[14] This ruling is keeping with the Court's practice of declining to provide declaratory relief when appropriate and when there is no actual controversy.[15]

The disagreement that remains, then, is whether the District's conduct as alleged by Plaintiffs violated Title IX; which is to say, the dispute lies in the merits

---

[13] *Fouad v. Milton Hershey Sch. & Trust*, No. 1:19-CV-253, 2020 U.S. Dist. LEXIS 29364, at *87 (M.D. Pa. Feb. 19, 2020) (quoting *Armstrong World Industries, Inc. v. Adams*, 916 F.2d 405, 410 (3d Cir. 1992)).

[14] Doc. 16 at pp. 1, 5.

[15] *See*, *e.g.*, *Midvale Paper Box Co. v. Cintas Corp.*, No. 3:20-0022, 2022 U.S. Dist. LEXIS 176563, at *24-25 (M.D. Pa. Sept. 28, 2022) ("Because the court observes that [the defendant's] requested order of declaratory judgment would not add anything further to this case, the court declines to entertain [it]."); *Hordis v. Cabot Oil & Gas Corp.*, No. 3:19-CV-296, 2021 U.S. Dist. LEXIS 20349 (court exercising discretion to dismiss declaratory judgment motion on the grounds that there was complete identity of factual and legal issues between the complaint and declaratory judgment counterclaim); *Shaw v. McGuinn*, No. 4:14-CV-1965, 2015 U.S. Dist. LEXIS 118075 (M.D. Pa. Sept. 4, 2015) (dismissing motion for declaratory judgment because no controversy existed between a third party and insurer); *Capitol Indem. Corp. v. Piccotti*, No. 3:04cv1571, 2005 U.S. Dist. LEXIS 34361 (M.D. Pa. July 18, 2005).

of this case, and not in a preliminary question regarding the existence or scope of the District's Title IX responsibilities. Therefore, a declaratory judgment from the Court establishing this now undisputed fact will not change the parties' "plans of action," which are presumably to move forward in litigation on the merits of Plaintiffs' claims.

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Declaratory Judgment (Doc. 5) is **DENIED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge