IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINNET BROOKS, *et al.*, | No. 4:22-CV-01335 |
| Plaintiffs, | (Chief Judge Brann) |
| v. | |
| STATE COLLEGE AREA SCHOOL DISTRICT, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

OCTOBER 30, 2023

I.   BACKGROUND

Following a disagreement as to whether their daughters' rejection from a middle school's co-ed ice hockey team was due to unlawful sex discrimination,[1] several parents commenced a lawsuit in federal court. In June 2023, Linnet Brooks, Aaron Brooks, Elizabeth Yoder, Megan Abplanalp, and Michael Lucy ("Plaintiffs") filed an amended complaint against Defendants State College Area School District ("SCASD"), State College Area School District Ice Hockey Club ("IHC"), Chrissie Ebeck, and Gary Stidsen.[2]

On December 1, 2022, this Court granted Plaintiffs' Motion for a Preliminary Injunction, requiring SCASD, amongst other things, to cease efforts to block

---

[1] *See generally* Doc. 43.
[2] Doc. 46 at 2; Doc. 45-1 at 32. The Amended Complaint is subject to a pending Motion for Reconsideration, filed by defendants IHC, Ebeck and Stidsen. Docs. 45, 54.

Plaintiffs' attempts to create a second ice hockey team, and ensure that they were rostered.[3] The parties provided their status reports in January 2023, but disagreed as to whether Defendants had complied with this Court's Order.[4] I then held a status conference and referred the case to mediation.[5]

According to Plaintiffs, prior to mediation, a voluntary agreement (the "voluntary agreement") was arranged providing for a second ice hockey team's participation in the ice hockey program.[6] When negotiations began, Defendants allegedly reneged and continued excluding the newly-formed second ice hockey team, along with engaging in other retaliatory behavior.[7] Plaintiffs allege that this pattern of retaliatory conduct continued when Defendants' March 15, 2023 settlement offer threatened unlawful retaliation against Plaintiffs.[8] Plaintiffs' submission to the Court indicates that this supposed threat is contained in a single paragraph of the settlement offer (the "Settlement Condition").[9] A new retaliation claim is alleged in Plaintiffs' June 2023 amended complaint.[10]

The Court will limit its discussion to the allegations apparent from the public record. Brooks' argument amounts to this: one of the prior conditions of the

---

[3] Doc. 28.
[4] Docs. 29-30.
[5] Docs. 31, 33.
[6] Doc. 50 at 3.
[7] *Id.* 3-4.
[8] *Id.*
[9] Doc. 61.
[10] Doc. 43 at 49.

voluntary agreement was included in the March 15 settlement offer, and it was conditional upon Plaintiffs accepting the settlement offer by a specified deadline. Brooks extrapolates from this that the Settlement Condition amounted to coercion, which is relevant to his retaliation claim.

Plaintiffs' attorney Aaron Brooks—who is also a lead plaintiff in this case—then filed a motion in limine requesting that this Court admit portions of Defendants' settlement proposal.[11] SCASD's brief in opposition recommended that this Court review the settlement proposal *in camera* before ruling on the motion in limine.[12] Concurring with that recommendation, this Court issued an Order requesting that Plaintiffs submit the settlement proposal for *in camera* review.[13] Along with the settlement proposal, Plaintiffs submitted a letter restating and adding to the allegations in the motion in limine.[14] Defendants disagreed with the allegations contained in this letter, and responded in turn.[15] The motion is now ripe for disposition. For the reasons stated below, it is denied without prejudice.

---

[11]  Doc. 49.
[12]  Doc. 57 at 9.
[13]  Doc. 60.
[14]  Doc. 61.
[15]  Doc. 62. There appears to be some confusion regarding whether Attorney Conrad agreed to admit the entirety of the settlement agreement if the contested Settlement Condition is admitted. Attorney Brooks states in his letter to this Court: "Attorney Conrad has indicated that if the coercive clause may be disclosed, then entirety of the agreement should be disclosed. Plaintiffs are in full agreement with Attorney Conrad on this matter." Doc. 61. Conrad denies any such agreement, and states that after emailing Brooks about the matter, Brooks replied that Conrad "agreed" to the conditional waiver when he requested *in camera* review; the request supposedly waived the rest of the agreement's confidentiality. Doc. 62. I note that a legal argument regarding waiver of confidentiality and an attorney's explicit, verbal or written agreement to waiver are very different things, and conflating one with the other is

## II.   DISCUSSION

### A.   Legal Standard

"Motions in limine are made prior to trial or the presentation of evidence in order to aid the clear presentation of evidence."[16] Motions in limine are typically made "for the purpose of prohibiting opposing counsel from mentioning the existence of . . . matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds."[17] "However, parties can also file motions *in limine* to admit certain evidence, thereby clarifying in advance of trial the universe of admissible material and the scope of permissible topics and lines of inquiry."[18] A motion in limine can also be made earlier in the litigation if the moving party wants otherwise privileged evidence to be considered in resolving a motion to dismiss.[19] "Evidence should only be excluded on a motion in limine if it is clearly inadmissible on all potential grounds."[20]

---

misrepresentation. I acknowledge that this discrepancy may be due to a misunderstanding or unclear phrasing, but I remind Mr. Brooks that as an attorney, he owes a duty of candor to this tribunal.

[16] *United States v. Ramsey*, 2021 U.S. Dist. LEXIS 192115, at *1 (E.D. Pa. Oct. 5, 2021).

[17] *United States v. Davis*, 208 F.Supp. 3d 628, 632 (M.D. Pa. 2016) (citing *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 (5th Cir. 1977)).

[18] *Cote v. Schnell Indus.*, No. 4:18-CV-01440, 2022 U.S. Dist. LEXIS 203690, at *6 (M.D. Pa. Nov. 8, 2022).

[19] *See, e.g.*, *Tower Health v. CHS Cmty. Health Sys.*, Civ. No. 19-2782, 2021 U.S. Dist. LEXIS 192447, at *8 n.1 (E.D. Pa. Apr. 30, 2021).

[20] *Hunt v. Drake*, No. 16-CV-1729, 2020 U.S. Dist. LEXIS 108003 (M.D. Pa. June 19, 2020) (citing *Feld v. Primus Techs. Corp.*, Civ. No. 4:12-1492, 2015 U.S. Dist. LEXIS 55262, at *1 (M.D. Pa. 2015)).

B.     Analysis

Federal Rule of Evidence 408 prohibits the admission of settlement communications as evidence to "prove or disprove the validity or amount of a disputed claim."[21] The Rule clarifies its scope in subsection 408(b):

> This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose.[22]

When settlement evidence is offered for "another purpose," it must, of course, also be relevant to that purpose under Federal Rules of Evidence 401, 402, and 403.[23] Similarly, Local Rule 16.8.6 prohibits disclosure of settlement communications, but provides that they may be admitted as evidence with leave of court.[24] Here, two possible bases exist for the Settlement Condition's admission—either it is not settlement conduct because it is an illegal threat to violate this Court's Order, or because it is an illegal threat to retaliate against Plaintiffs if they do not accept it.[25] Upon review, the Plaintiffs' initial representations are completely out of line with the language of the actual Settlement Agreement, even if I were to consider the

---

[21] Fed. R. Evid. 408(a).
[22] Fed. R. Evid. 408(b).
[23] Fed. R. Evid. 401, 402, 403; *see also Lohman v. Duryea Borough*, 574 F.3d 163,165 (3d Cir. 2009) (citing *EMI Catalogue Partnership v. CBS/FOX Co.*, No. 86-1149, 1996 U.S. Dist. LEXIS 7240 (S.D.N.Y. May 24, 1996)).
[24] L.R. 16.8.6.
[25] *See* Doc. 59 at 5 ("The proposal was illusory and would not comply with this Court's TRO"); Doc. 50 at 4 ("Defendants' settlement condition was in-and-of-itself a violation of title IX.").

particulars of the Plaintiffs' letter. They are settlement communications, and nothing more.

"Settlement communications" include "furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise a claim."[26] As this Court's earlier Order explained, this excludes any attempt to condition restraint from illegal conduct upon the release of claims.[27] But the two bases for alleging the Settlement Condition's illegality—violation of a Court order and unlawful retaliation—are devoid of merit. This is fatal to Brooks' motion. Conditioning a settlement offer upon the release of claims does not distinguish coercion from a settlement offer. It distinguishes a settlement offer from a gift. Indeed, as this Court already stated, such an "unconditional offer" is *not* settlement conduct for that exact reason.[28]

---

[26] Fed. R. Evid. 408(a)(1).

[27] Doc. 60 at 5 ("[I]t cannot seriously be argued that threatening others with continued illegalities is 'attempting to compromise the claim,' part of 'compromise negotiations about the claim,' or not offered for some 'other purpose.'"); *Ausherman v. Bank of Am. Corp.*, 212 F.Supp. 2d 435, 441, 455 (D. Md. 2002); *Carney v. Am. Univ.*, 151 F.3d 1090, 1095-97 (D.C. Cir. 1998); *Uforma/Shelby Bus. Forms v. NLRB*, 111 F.3d 1284 (1997); *Council for Nat'l Register of Health Serv. Proviers in Psych. v. Am. Home Assurance Co.*, 632 F.Supp. 144, 146 n.1 (D.D.C. 1985); *EMA Fin., LLC v. NFusz, Inc.*, 509 F.Supp. 3d 18, 27-28 (S.D.N.Y. 2020); *Martin v. Finley*, 349 F.Supp. 3d 391, 421 n. 1 (M.D. Pa. 2018); *Harris v. Midas*, No. 17-95, 2017 U.S. Dist. LEXIS 126819, at *15-16 (W.D. Pa. Aug. 10, 2017); *Travelers Prop. Cas. Co. v. Bobrick Washroom Equip., Inc.*, No. 3:18-CV-00094, 2021 U.S. Dist. LEXIS 70782, at *13 (M.D. Pa. Apr. 13, 2021); *McGuire v. Potter*, No. 2:03cv498, 2006 U.S. Dist. LEXIS 104810, at *5-6 (W.D. Pa. Jan. 10, 2006); *Spencer v. Foxx*, 159 F.Supp. 3d 483, 501 n.9 (D.N.J. 2014).

[28] WEISSENBERGER'S FEDERAL EVIDENCE 115 (2020); *Sheng v. M&TBank Corp.*, 848 F.3d 78, 85 (2d Cir. 2017) ("By definition, an unconditional offer may not require [the offeree] to abandon or modify his suit, and . . . therefore cannot be considered an offer of settlement or compromise") (quoting *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 989 (2d Cir. 1997)).

Any notion that the Settlement Condition could be "coercive" is also belied by the rest of the settlement agreement, which amply demonstrates a good faith effort to resolve this dispute by including the second team in the broader ice hockey club. Admitting the Settlement Condition then risks disincentivizing the amicable resolution of claims by stifling frank and full settlement discussion.[29]

The settlement offer itself is neither illegal retaliation nor a threat of illegal retaliation. A Title IX retaliation claim requires a plaintiff to show "(1) that he or she engaged in protected activity [under Title IX]; (2) defendant had knowledge of the protected activity; (3) adverse school-related action was taken against plaintiff; [] (4) a causal connection between the protected activity and the adverse action;"[30] and (5) that any alleged retaliatory conduct "might well have dissuaded a reasonable [student] from making or supporting a charge [or complaint] of discrimination."[31] According to Plaintiffs, the good faith offer had already been revoked at the time of the settlement offer, and would be partially reinstated through the Settlement Condition. Without commenting on the merits of whether this revocation was retaliatory,[32] it is quite evident that offering to reinstate this term of the voluntary

---

[29] *United States v. Contra Costa Cnty Water Dist.*, 678 F.2d 90, 92 (9th Cir. 1982); *Central Soya Co. Inc. v. Epstein Fisheries, Inc.*, 676 F.2d 939, 944 (7th Cir. 1982) (Posner, J.).
[30] *B.W. v. Career Tech. Ctr. of Lackawanna Cnty,* No. CV 3:19-1146, 2019 U.S. Dist. LEXIS 216291, at *3-4 (M.D. Pa. Dec. 17, 2019).
[31] *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).
[32] "It is well settled that '[m]otions in limine address evidentiary questions and are inappropriate devices for resolving substantive issues,' such as the sufficiency of the evidence to support a claim or defense." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 563 F.Supp. 2d 508, 532 (D.N.J.

agreement is certainly not. Nor does the Settlement Offer directly threaten another Title IX violation.

If the terms of the Settlement Condition were already required by this Court's Order, that would be a different matter. In such a case, the Settlement Condition would essentially offer to cease Defendants' allegedly ongoing illegal conduct in exchange for settling the case. Likewise, if the Settlement Condition had already been agreed upon in a prior binding settlement agreement, then conditioning compliance with the agreement upon the release of claims would also be illegal. As this Court explained in its previous Order, that would not be settlement conduct.[33] But no such conduct was required by the Order or by any binding agreement.

Brooks also alleges that because revoking the voluntary agreement was an illegal act of retaliation, offering to cease that illegal retaliation by reinstating terms of the voluntary agreement is actually an offer to cease illegal conduct—and therefore, not actually settlement conduct. Even crediting this theory and the allegations undergirding it, and assuming that the Settlement Condition does not constitute "settlement conduct," it would still be inadmissible. While the Settlement Condition is not itself retaliatory, Brooks may argue that it is at least relevant to his retaliation claim. The alleged protected activity consists of the plaintiffs' complaints

---

2008) (quoting *Natural Res. Def. Council v. Rodgers*, No. 88-1658, 2005 U.S. Dist. LEXIS 46293, at *1 n.2 (E.D. Cal. June 9, 2005)).

[33] Doc. 60 at 5.

about the bullying resulting from this Court's Order, when members of the original ice hockey team called Plaintiffs "cry babys [sic]" for bringing this litigation and stated: "They js [sic] aren't good [crying emoji]."[34] The alleged retaliation is Defendants' revocation of the prior voluntary agreement.[35] Again, without commenting on the merits of that claim,[36] the Court rejects the Settlement Condition's relevance to it under the Federal Rules of Evidence.

The Settlement Condition in tandem with Brooks' other allegations is perhaps vaguely probative under Federal Rule of Evidence 401. The Settlement Condition at least shows that its promise was not in place on March 15, 2023, the date the settlement offer was communicated; it therefore goes towards proving that this voluntary agreement was revoked, making the allegation "more or less probable than it would be without the evidence."[37] But Plaintiffs can easily allege the revocation of the voluntary agreement without introducing the Settlement Condition, and the Settlement Condition does not actually prove that the voluntary agreement existed in the first place. This distinguishes the Plaintiffs' case from the bevy of cases this Court looked to regarding retaliatory threats which were contained in the settlement conduct itself. That meager probative value is then vastly outweighed by the unfair

---

[34] Doc. 43 ¶¶ 105-113; Doc. 43-22.
[35] *Id.*
[36] The merits of the retaliation action will be resolved with the pending Motion to Dismiss, Doc. 47.
[37] Fed. R. Evid. 401(a).

prejudice caused by introducing this part of the settlement offer into evidence, and this prejudice would not be offset by a limiting instruction because the conduct is contained within the settlement offer itself. So the Settlement Condition is also inadmissible under Federal Rule of Evidence 403.

### III.   CONCLUSION

Plaintiffs' motion in limine is denied without prejudice.[38] The Court notes that amending the Motion would be futile at this stage of the litigation, as it is utterly devoid of merit. However, if Defendants' pending motions to dismiss[39] are denied, it may be possible that information produced during discovery renders the settlement proposal relevant. Although this development seems unlikely, the Rules of Evidence favor the admission of relevant evidence,[40] and "[e]vidence should only be excluded on a motion in limine if it is clearly inadmissible on all potential grounds."[41] Motions in limine "often present issues for which final decision is best reserved for a specific trial situation."[42] "A court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence."[43]

---

[38] Doc. 49
[39] Doc. 47.
[40] Fed. R. Evid. 402.
[41] *Hunt v. Drake*, No. 16-CV-1729, 2020 U.S. Dist. LEXIS 108003 (M.D. Pa. June 19, 2020).
[42] *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997).
[43] *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990).

For those reasons, and with great skepticism, the Court denies Plaintiffs' motion in limine without prejudice.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge
