# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINNET BROOKS, *et al.*, | No. 4:22-CV-01335 |
| Plaintiffs, | (Chief Judge Brann) |
| v. | |
| STATE COLLEGE AREA SCHOOL DISTRICT, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### DECEMBER 1, 2023

## I.    BACKGROUND

This motion centers around an Amended Complaint which added three defendants to this action. Following a disagreement as to whether their daughters' rejection from a middle school's co-ed ice hockey team was due to unlawful sex discrimination,[1] several parents commenced two lawsuits in state and federal court. In May 2022, Linnet Brooks, Aaron Brooks, Elizabeth Yoder, Megan Abplanalp, and Michael Lucy ("Plaintiffs") filed a complaint against Defendant State College Area School District Ice Hockey Club ("IHC") in the Centre County Court of Common Pleas.[2] The complaint sought injunctive relief against IHC through Article I, §28, and Article III, § 14, of the Pennsylvania Constitution; the Equal Protection

---

[1]    *See generally* Doc. 43.
[2]    Doc. 46 at 2; Doc. 45-1 at 32.

Clause of the Fourteenth Amendment to the United States Constitution, through 42 U.S.C. § 1983; and Title IX.[3] It also sought injunctive relief to restrain IHC's allegedly *ultra vires* acts.[4] Plaintiffs then filed a complaint in this Court against Defendant State College Area School District ("SCASD") in August 2022.[5]

Plaintiffs initially requested a preliminary injunction against IHC, which was denied after hearing in May 2022.[6] Proposed Defendants then filed preliminary objections to Plaintiffs' complaint, which were sustained as to several causes of action under Pennsylvania law, but denied as to Plaintiffs' requests for injunctive relief against IHC under Title IX and the Equal Protection Clause.[7] According to Defendants, the state court action remains pending.[8]

On May 30, 2023, Plaintiffs filed a "Motion to Amend Complaint and to Add Necessary Parties."[9] That motion sought to add a retaliation claim to Plaintiffs' complaint, as well as to add Defendants IHC, Chrissie Ebeck, and Gary Stidsen (collectively "Proposed Defendants") to seek damages.[10] On June 1, 2023, this Court

---

[3]   Doc. 46-1 at 23, 25, 26. This Court takes judicial notice of Proposed Defendants' attached documents regarding their proceedings in the Centre County Court of Common Pleas. *See* Fed. R. Evid. 201(b)(2); *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999).

[4]   *Id.* at 28.

[5]   Doc. 1.

[6]   Docs. 46 at 3; 46-1 at 85-88.

[7]   Doc. 46-1 at 90-101.

[8]   Doc. 46 at 4.

[9]   Doc. 39.

[10]   *Id.*

granted that motion.[11] Plaintiffs then filed their Amended Complaint in June 2023.[12] The Amended Complaint adds Proposed Defendants to Plaintiffs' Title IX and 42 U.S.C. § 1983 Equal Protection claims,[13] as well as Plaintiffs' claims for "negligent hiring, training, retention, and/or supervision of employees/agents" and punitive damages.[14]

Proposed Defendants filed their motion for reconsideration in June 2023.[15] They challenge this Court's decision granting Plaintiffs leave to amend their complaint to add Proposed Defendants as parties to the case. The motion is now ripe for disposition. For the reasons stated below, reconsideration is granted as to Proposed Defendant IHC and denied as to Proposed Defendants Ebeck and Stidsen.

## II.    DISCUSSION

### A.    Reconsideration

Federal Rules of Civil Procedure 59(e) and 60(b) provide "substantively interchangeable" "mechanism[s] for relief from judgment."[16] As such, where a motion for reconsideration based on an error of law is filed within Rule 59(e)'s

---

[11] Doc. 42.
[12] Doc. 43.
[13] *Id.* at 48-49.
[14] *Id.* at 53, 56.
[15] Docs. 45-46.
[16] *Walker v. Astrue*, 593 F.3d 274, 279 (3d Cir. 2010).

twenty-one day deadline, Courts properly construe that motion as one as a Rule 59(e) motion even if it is styled as a motion under Rule 60(b)(6).[17] The Court does so here.

To support a motion for reconsideration, a party must show "at least one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or," as relevant here, "(3) the need to correct a clear error of law or fact or to prevent manifest injustice."[18] The third ground only warrants reconsideration if "the Court is left with the definite and firm conviction that a mistake has been committed."[19] The parties "must show more than mere disagreement with the earlier ruling; [they] must show that the . . . Court committed a direct, obvious, or observable error, and one that is at least of some importance to the larger proceedings."[20] A motion for reconsideration "addresses only factual and legal matters that the court may have overlooked."[21]

The potential for error in this case is obvious. The Court ruled on Plaintiffs' motion to file an amended complaint, which joined Proposed Defendants to this action, two days after it was filed.[22] This necessarily means that the Court overlooked

---

[17] *See Ahmed v. Dragovich*, 297 F.3d 201, 209 (3d Cir. 2002) (treating an untimely Rule 59(e) motion as a Rule 60(b) motion).

[18] *In re Vehicle Carrier Servs. Antitrust Litig.*, 846 F.3d 71, 87 (3d Cir. 2017) (cleaned up).

[19] *Prusky v. ReliaStar Life Ins. Co.*, 352 F.3d 252, 258 (3d Cir. 2008).

[20] *In re Energy Future Holdings Corp.*, 904 F.3d 298, 312 (3d Cir. 2018) (cleaned up).

[21] *Lischner v. Upper Darby Twp.*, No. 05-4546, 2007 U.S. Dist. LEXIS 54528, at *3 (E.D. Pa. July 26, 2007) (quoting *Glenolden Energy Co. v. Borough of Glenolden*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993)).

[22] Docs. 39, 42.

the objections Proposed Defendants had planned to make. If the Proposed Defendants' objections have merit, ruling on Plaintiffs' motion to amend without affording Proposed Defendants an opportunity to oppose the motion would result in "manifest injustice" by potentially extending the proceedings against them in this Court. As the motion for reconsideration and Proposed Defendants' objections to the Amended Complaint respectively turn on "manifest injustice" and "unfair prejudice," the merits of the motion for reconsideration and the motion for leave to amend "turn on the same factors."[23] The issue of manifest injustice will therefore be addressed by the Court's discussion of Plaintiffs' Motion to Amend, to which the Court now turns.

### B.  Plaintiffs' Motion for Leave to Amend

Federal Rule of Civil Procedure 15 conditions amendment on leave of court or consent of the opposing party. The law in the Third Circuit is clear that leave to amend should be "freely given"[24] because there is a "liberal pleading philosophy of the federal rules." [25] However, a Court may deny a motion for leave to amend where there exists "undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment."[26] "[P]rejudice to the non-moving party is the touchstone for the denial

---

[23]  *See Cureton v. NCAA*, 252 F.3d 267 (3d Cir. 2001) ("When a timely motion to amend judgment is filed under Rule 59(e), the Rule 15 and Rule 59 inquiries turn on the same factors.").

[24]  *Id.* (quoting Fed. R. Civ. P. 15(a)).

[25]  *See Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008).

[26]  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Foman v. Davis*, 371 U.S. 178 (1962).

of an amendment."[27] In evaluating prejudice, Courts ordinarily consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or theories."[28] Courts may also consider "additional equities," such as whether amendment would be an effective use of judicial resources.[29] "The burden is generally on the non-moving party to show why leave to amend should not be granted."[30] Whether to permit amendment generally falls within the District Court's discretion.[31]

### 1. Proposed Defendant IHC

Proposed Defendants contend that Plaintiffs' motion should be denied because they have been defending a nearly identical claim in Pennsylvania state court for the last year. As to Defendant IHC, this argument has merit. Plaintiffs have given no explanation as to why they should be permitted to join IHC to this federal action while a state court action, based on the same facts and the same causes of action, is still pending.

Plaintiffs' lawsuit in the Centre County Court of Common Pleas against IHC requests injunctive relief under, *inter alia*, Title IX and the Fourteenth Amendment

---

[27]  *Cornell & Co., Inc. v. Occupational Safety and Health Rev. Comm'n*, 573 F.2d 820, 823 (3d Cir. 1973).
[28]  *Cureton*, 252 F.3d at 273.
[29]  *See Mullin v. Balicki*, 875 F.3d 140, 150 (3d Cir. 2017) (citing *USX Corp. v. Barnhart*, 395 F.3d 161, 167-68 (3d Cir. 2004)).
[30]  *Heraeus Med. GmbH v. Esschem, Inc.*, 321 F.R.D. 215, 217 (E.D. Pa. 2017) (quoting *Rizzo v. PPL Serv. Corp.*, No. 03-5779, 2005 U.S Dist. LEXIS 11457, at *3 (E.D. Pa. June 10, 2005)).
[31]  *United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014).

Equal Protection Clause, through 42 U.S.C. § 1983, while Plaintiffs' proposed federal lawsuit against IHC requests compensatory damages under Title IX and the Fourteenth Amendment Equal Protection Clause, through 42 U.S.C. § 1983. Plaintiffs claim that this Court's Order rendered the state court action moot,[32] but they do not contest Proposed Defendants' assertion that the state court action is still pending.[33] As this Court has no power to make rulings on the state court's behalf, it cannot consider that action moot until the state court finds that it is moot.

Due to the intertwined involvement of IHC and SCASD in this dispute, Plaintiffs are certainly correct that if this Court denies an amendment joining IHC, there will be some waste of judicial resources. Yet joining IHC while the state action continues will only waste even more resources and cause prejudice to IHC. Permitting joinder would result in piecemeal litigation over the same cause of action and set of facts in two forums, with the only distinction being what relief is available. Requiring IHC to defend two lawsuits based on nearly identical claims would also unnecessarily duplicate the proceedings against it, causing "unfair prejudice" by incurring greater litigation costs.[34] Amending Plaintiffs' state court complaint to add

---

[32]   Doc. 66 at 9.

[33]   Plaintiffs do state: "The last action by the Common Please [sic] Judge occurred on May 31, 2022." Doc. 66 at 3. But this has no bearing upon whether the state action is still pending. Although the Court of Common Pleas denied Plaintiffs' request for a preliminary injunction on May 31, 2022, the September 12, 2022 state court order and opinion permitted Plaintiffs' Title IX and Equal Protection claims against IHC to proceed. Doc. 46-1 at 87-88, 94.

[34]   In addition to demonstrating the burden upon Proposed Defendant IHC, this same rationale supports abstention from jurisdiction under the *Colorado River* doctrine. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 816-18 (1976).

a request for compensatory damages and Plaintiffs' retaliation claim would be a far more efficient use of judicial resources and would avoid unfair prejudice to IHC. While there is no guarantee that the state court will permit such an amendment, this sort of strategic cost is borne by a plaintiff when choosing which forum he should file in.[35]

Be that as it may, there is simply no justification for Plaintiffs to split their Title IX and Section 1983 claims into two parallel proceedings against the same defendant requesting different forms of relief in state and federal court. Such an approach can only be motivated by forum shopping, which would not justify amendment and indeed make assuming jurisdiction on this basis inappropriate.[36] Plaintiffs state that "the majority of complained-of acts and omissions against [proposed defendants] occurred after the issuance of the TRO" in December 2022,[37] but this still does not explain why two simultaneous suits are needed to seek different forms of relief for the same causes of action against the same defendant.

Plaintiffs make out several pages of new factual allegations to argue that the Proposed Defendants have "voluntarily inserted themselves into the ongoing federal litigation."[38] This is an impermissible attempt to amend the pleadings, and these

---

[35] The Court makes no judgment as to whether removing the action against IHC to Federal Court would be permissible.

[36] *See Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 232-33 (3d Cir. 1995).

[37] Doc. 66 at 9-10.

[38] Doc. 66 at 5-8.

allegations cannot be considered.[39] Moreover, Plaintiffs cite no authority whatsoever explaining when, and how, inserting oneself into litigation can be of relevance to the legal questions faced here. Regardless, any allegation showing that IHC has continued to violate the law necessarily applies equally to the parallel state court proceedings based on the same causes of action, and so fails to shed any light on why piecemeal litigation would not be unfairly prejudicial and wasteful.

### 2. Proposed Defendants Ebeck and Stidsen

Proposed Defendants attempt to conflate their objections to the amended complaint by stating that "the Club and its associated personnel" are "place[d] . . . in the position of having to relitigate claims that they have been defending for more than a year in state court."[40] Yet Proposed Defendants Ebeck and Stidsen—the so-called "associated personnel"—were never joined to the state law action.[41] The only involvement of Ebeck and Stidsen alleged by Proposed Defendants is in Ebeck's testimony at the state court injunctive relief hearing on May 27, 2022. That leaves the following grounds for opposing the amended complaint: undue delay and forum shopping.

---

[39] *Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).
[40] Doc. 46 at 7-8, 10.
[41] If Ebeck and/or Stidsen were joined to the state proceedings, they do not allege that fact, and it is not reflected in their briefings or attachments. *See* Doc. 46-1 at 6-31 (state court complaint requesting injunctive relief against IHC), 84-88 (state court memorandum opinion on injunctive relief addressing only claims against IHC), 90-100 (state court memorandum opinion addressing only IHC's preliminary objections).

Regarding undue delay, "[t]he mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay. In fact, delay alone is an insufficient ground to deny leave to amend."[42] "[A]t some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party.'"[43] That point has been found to arise, for example, where a party delays until after summary judgment has been granted to an adverse party, because amending at this point places a burden on judicial economy and a prejudice of prolonging litigation.[44] As established, prejudice can arise where "amendment would result in additional discovery, cost, and preparation to defend against new facts or theories."[45]

Plaintiffs' motion to amend is distinguishable, point-by-point, from the Eastern District of Pennsylvania's decision in *Heraeus Medical GmbH v. Esschem, Inc.*, which Proposed Defendants rely on.[46] The *Heraeus* plaintiffs sought to add parties through their amended complaint "more than two years after filing the complaint, and about a month before the scheduled conclusion of discovery" and provided no explanation for its delay.[47] Plaintiffs' delay from May 2022 to May 2023 lasted a year, and may have been prompted by their primary focus on seeking

---

[42]  *Cureton*, 252 F.3d at 272-73 (3d Cir. 2001) (citing *Adams v. Gould Inc.*, 739 F.2d 858, 863 (3d Cir. 1984), and *Cornell*, 573 F.2d at 823).
[43]  *Adams*, 739 F.2d at 868.
[44]  *See Cureton*, 252 F.3d at 273 (collecting cases).
[45]  *Id.* at 273.
[46]  321 F.R.D. 215 (E.D. Pa. 2017).
[47]  *Id.* at 218.

declaratory and injunctive relief, whereas they now add Ebeck and Stidsen to seek damages. The *Heraeus* plaintiffs had known the proposed defendant's role in the dispute "all along," and the nature of the allegations was as apparent from the face of the initial complaint as from the proposed amended complaint;[48] Plaintiffs plead additional facts in their amended complaint arising after their original complaint.

Third and most importantly, Ebeck and Stidsen will suffer no prejudice from joinder. The *Heraeus* plaintiffs had been engaged in litigation with the proposed defendants for years in European Courts, and therefore the delayed amended complaint would inflict substantial prejudice by requiring those defendants to defend against the same factual allegations again.[49] As Ebeck and Stidsen were not parties to the state court action, they will not need to "relitigate" anything, which distinguishes this case from both *Heraeus* and *Cureton v. NCAA*.[50] The joinder also does not "necessitate a new wave of motion practice" as in *Heraeus*,[51] as the Court has not yet ruled upon Defendants' motion to dismiss.

Amending the complaint to add Ebeck and Stidsen would obviously result in "cost and preparation to defend against" Plaintiffs' claims. That is true for all litigation. But it does not result in any "additional" cost or preparation—because no cost or preparation has yet been had outside of this federal action. The burdens faced

---

[48] *Id.*
[49] *Id.* at 218-19.
[50] 252 F.3d at 276.
[51] 321 F.R.D. at 218.

by Ebeck and Stidsen are the same whether they had defended their case now or a year earlier. That is the difference between "prejudice" and "unfair prejudice."

Proposed Defendants' undue prejudice and forum shopping rationales are persuasive as to Plaintiffs' attempt to split their Title IX and Section 1983 relief between parallel state and federal proceedings. But no undue prejudice or "forum manipulation" is present as to Ebeck and Stidsen—Plaintiffs begin their claims against these defendants anew and are equally positioned to proceed in either state or federal court.

## III.  CONCLUSION

The Motion for Reconsideration is granted as to Proposed Defendant State College Area School District Ice Hockey Club. All claims against this Defendant are stricken from the complaint, and it will be dismissed from the case. The Motion for Reconsideration is denied as to Proposed Defendants Ebeck and Stidsen. In accordance with this Court's Order approving Proposed Defendants' Stipulation,[52] Defendants Ebeck and Stidsen shall have twenty-one days to file their responsive pleadings.  An appropriate Order follows.

BY THE COURT:


_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge

---

[52]  Doc. 54.