**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LINNET BROOKS, *et al.*, | | No. 22-CV-01335 |
| Plaintiffs, | | (Chief Judge Brann) |
| v. | | |
| STATE COLLEGE AREA SCHOOL DISTRICT, *et al.*, | | |
| Defendant. | | |

**MEMORANDUM OPINION AND ORDER**

**JANUARY 17, 2024**

In June 2023, Linnet Brooks, Aaron Brooks, Michael Lucy, Elizabeth Yoder, and Megan Abplanalp, suing on behalf of their daughters A.B.,  R.L.  and  Q.H., (collectively, "Plaintiffs"), filed a 5-count amended complaint against State College Area School District ("SCASD"), Chrissie Ebeck, Gary Stidsen, and State College Area School District Ice Hockey Club ("IHC").[1] IHC was dismissed from the case.[2]

In June 2023, SCASD filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[3] I denied that motion in December 2023.[4] One day after my memorandum opinion and order, Ebeck and Stidsen (the "Moving Defendants") also filed a motion to dismiss Plaintiffs' claims.[5]

---

[1]  Doc. 43.
[2]  Doc. 71.
[3]  Doc. 47.
[4]  Doc. 72; No. 4:22-CV-01335, 2023 U.S. Dist. LEXIS 225112, __ F.Supp. 3d __ (M.D. Pa. Dec. 18, 2023).
[5]  Doc. 74.

That motion is now ripe for disposition. Moving Defendants make three arguments; one has already been addressed by my memorandum opinion, and the remaining two require minimal analysis.[6]

First, Moving Defendants argue that Plaintiffs have failed to state an Equal Protection Clause claim under Section 1983. Moving Defendants confine their arguments to whether an underlying constitutional violation has occurred, so I need not address their personal involvement. I already addressed each argument raised here in my prior memorandum opinion,[7] and I reject them now for the same reasons.[8]

---

[6]   A complete statement of facts may be found in my prior memorandum opinion. *See* Doc. 72 at 2-20.

[7]   *Compare* Doc. 75 at 11 ("The Amended Complaint . . . [does not] offer[] plausible allegations as to how the Minor Plaintiffs were intentionally treated differently from members of other classes who were similarly situated") *with* Doc. 72 at 29-30 (using as a comparator group the mixed-gender second team as a whole, or alternatively, comparing plaintiff girls with boys at tryouts), 32 (stating that because "the presence of other motives does not preclude an Equal Protection claim," discriminatory acts against mixed-gender second team for both retaliatory and sex-based reasons violate the Equal Protection Clause), 34-35 (reasoning alternatively that "the possibility that SCASD's facially gender-neutral retaliation was tainted by gender bias—with the harms resulting to the second team's male players being mere collateral damage—is plausible"), *and* 33-36 (reviewing circumstantial evidence supporting plaintiff's claim of sex-based animus at dismissal stage). *Compare* Doc. 75 at 11-12 ("It is true that the four girls did not make the team, but it is equally true that 11 boys did not make the team . . . confirm[ing] that the female Minor Plaintiffs were treated the same as the approximately ten male players who did not make the team.") *with* Doc. 72 at 32-36 (stating that Equal Protection claim could be sustained based off of treatment directed at the mixed-gender second team). Additionally, this last argument would find no discrimination even where all members of a protected class are rejected, so long as a selective application process also rejects some members of the comparator class. This is illogical. The violation occurs because the applicant does not receive the same evaluation process as the rejected members of the comparator class. Otherwise, a public employer could justify refusing to hire 100% of female applicants by stating that some men's applications are also rejected, or a public university could justify refusing to admit 100% of black applicants by stating that some white students' applications are also rejected.

[8]   *See* Doc. 75 at 10 ("Individual Defendants recognize that the Court issued an Opinion and Order addressing similar arguments raised in the School District's Motion to Dismiss. (*See* Docs. 72 & 73). Individual Defendants preserve their Section 1983 argument here.").

Next, Moving Defendants argue that Title IX's private right of action does not apply to individual defendants and note that only one heavily criticized case, *Mennone v. Gordon*,[9] has ever found otherwise.[10] I need not inspect *Mennone*'s reasoning here, as Plaintiffs voluntarily withdraw their Title IX claims against Ebeck and Stidsen in their Brief in Opposition.[11]

Third and finally, Moving Defendants assert that punitive damages are unavailable for Plaintiffs' Section 1983 claims against them because they have been sued in their official capacities.[12] Moving Defendants are correct that under Section 1983, punitive damages are unrecoverable from individuals sued in their official capacities.[13] They are, however, recoverable from individuals sued in their individual capacities.[14] To show that they have been sued in their official capacities, Moving Defendants cite to several paragraphs of the amended complaint. [15] But nothing in the amended complaint shows that Plaintiffs intended to sue Ebeck or Stidsen in their official capacities. Instead, the cited paragraphs are all examples of Moving Defendants *carrying out official duties*. The Supreme Court of the United States rejected this understanding of when officials are sued in their official

---

[9]   998 F.Supp. 53 (D. Conn. 1995).
[10]   Doc. 75 at 5.
[11]   Doc. 78 at 5.
[12]   Doc. 75 at 13-14.
[13]   *Agresta v. Goode*, 797 F.Supp. 399, 410 (E.D. Pa. 1992) (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981)).
[14]   *Id.* (citing *Smith v. Wade*, 461 U.S. 30, 35, 50 (1983)).
[15]   *See* Doc. 75 at 14 (citing Doc. 43 ¶¶6-9, 67, 219-221).

capacities in *Hafer v. Melo*.[16] Whether a defendant is sued in his official or individual

capacity has nothing to do with the actual factual allegations against her.[17] It is

determined by the capacity in which the plaintiff brings suit.[18]

"[W]hen a plaintiff fails to plead capacity specifically, the court must examine

the nature of the plaintiff's claims, the relief sought, and the course of the

proceedings to determine whether a state official is being sued in a personal (i.e.,

individual), versus official, capacity."[19] Here, Plaintiffs state explicitly in their Brief

in Opposition that they sue Ebeck and Stidsen as "Individual[s]," and there is no

reason to doubt their assertion.[20] The course of proceedings and requested relief,

together, are especially instructive in determining which capacity Ebeck and Stidsen

were sued in. Plaintiffs already moved for injunctive relief when first filing suit in

---

16   *See Hafer v. Melo*, 502 U.S. 21, 22 ("In *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989), we held that state officials 'acting in their official capacities' are outside the class of 'persons' subject to liability under 42 U.S.C. § 1983. Petitioner takes this language to mean that § 1983 does not authorize suits against state officers for damages arising from official acts. We reject this reading of *Will* and hold that state officials sued in their individual capacities are 'persons' for purposes of § 1983.").

17   *See Singleton v. Pittsburgh Pub. Sch. Dist.*, No. 2:11-cv-1431, 2013 U.S. Dist. LEXIS 92131, at *19 (W.D. Pa. May 24, 2013) (Lenihan, M.J.) ("The test for determining whether a lawsuit is brought in a personal capacity, as opposed to an official capacity, is not whether the defendants were performing 'official duties.'"), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 91647 (July 1, 2013).

18   *See, e.g.*, *Rutkowitz v. Turner*, No. 17-6622 (FLW), 2018 U.S. Dist. LEXIS 115804, at * (D.N.J. July 12, 2018) ("[T]he question is not whether a state official *acted* in an official or individual capacity, but in which capacity the *plaintiff brings suit*.") (citing *Hafer*, 502 U.S. at 26-27) (emphases added).

19   *Id.* (citing *Biggs v. Meadows*, 66 F.3d 56, 60-61 (4th Cir. 1995)).

20   *See* Doc. 78 at 12. Plaintiffs demonstrate general confusion about this area of law. They appear to brief on unrelated issues, including whether Moving Defendants have qualified immunity and acted under color of state law. *Id.* at 12-14. These issues are distinct from whether officers are sued in personal or official capacities, and they are not raised by Moving Defendants.

this Court.[21] I granted that relief.[22] Believing that Defendants' violations have continued despite this Court's injunction, Plaintiffs opted to file an amended complaint which solely seeks monetary damages and makes no request for injunctive relief.[23] It was at *this point* in the litigation that Plaintiffs sought damages against Moving Defendants, who had not been parties to the suit previously.[24]

Because the key advantage to suing officers in their official capacities is that injunctive relief is available,[25] choosing to do so here, where Plaintiffs have already decided to stop pursuing injunctive relief, would simply be an inferior choice providing no litigation advantage. Moreover, suing someone in her official capacity is just another way of suing the government entity itself.[26] Plaintiffs cannot have intended to sue SCASD through Moving Defendants because SCASD had already been party to the suit for months when Plaintiffs amended their pleadings to join Moving Defendants. Indeed, a suit against officers in their official capacities is

---

[21]   Complaint against State College Area School District, Doc. 1; Motion for Temporary Restraining Order, Doc. 3.

[22]   Memorandum Opinion, Doc. 27; Order, Doc. 28.

[23]   Doc. 43 at 49 ("Second Claim of Relief – Monetary Damages for Violations of the Equal Protection Clause via 42 U.S.C. §1983").

[24]   *Compare* Doc. 1 *with* Doc. 43.

[25]   *Wood v. New Jersey*, No. 13-2453 (FLW), 2016 U.S. Dist. LEXIS 116794, at *9 n.3 (D.N.J. Aug. 30, 2014). Here, unlike in *Wood*, damages are also available because the suit is against a municipality rather than a state. Nevertheless, the point is that suing someone in her official capacity is just another way of suing the government entity itself, and the only advantage this offers is the availability of injunctive relief.

[26]   *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (Emphasizing that official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent.").

"duplicative" of the suit against the municipality, and such claims can properly be dismissed as redundant where a plaintiff has also sued the municipality.[27]

Any other reading of the amended complaint would be illogical and would cause an otherwise available claim to be dismissed on a technical, and likely unintended, basis. Construing the pleadings "as to do substantial justice" under Federal Rule of Civil Procedure 8(e), the United States Court of Appeals for the Third Circuit has even read complaints explicitly suing defendants in their "official capacities" alone to also sue those defendants in their individual capacities.[28] The Court therefore declines to dismiss Plaintiffs' punitive damages claims on this basis, as the best reading of their amended complaint and this course of proceedings is that Plaintiffs intended to sue Moving Defendants in their personal capacities.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants Chrissie Ebeck and Gary Stidsen's motion to dismiss (Doc. 74) is **GRANTED** with prejudice as to Count I (Monetary Damages for Violations of Title IX).

2. Defendants Chrissie Ebeck and Gary Stidsen's motion to dismiss (Doc. 74) is **DENIED** as to the following claims:

---

[27]   *Janowski v. City of N. Wildwood*, 259 F.Supp. 3d 113, 131 (D.N.J. 2017).
[28]   *Hindes v. FDIC*, 137 F.3d 148, 157 (3d Cir. 1998); *West v. Keve*, 571 F.2d 158, 163 (3d Cir. 1978).

      a.      Count II (Monetary Damages for Violations of the Equal Protection Clause via 42 U.S.C. §1983)

      b.      Count V (Punitive Damages).

3.      Defendants Chrissie Ebeck and Gary Stidsen's answer to the amended complaint is due no later than fourteen (14) days from the date of this Order.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge